**Betty Jean MURPHY, Petitioner–Appellant,**

v.

**Warden Kim REID and Bureau of Prisons, Respondents–Appellees,**

Docket No. 02–2728.

United States Court of Appeals, Second Circuit.

Submitted: Feb. 19, 2003.

Decided: June 13, 2003.

Betty Jean Murphy, Danbury, CT, pro se.

Before: OAKES, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

PER CURIAM.

Following a trial in the United States District Court for the Middle District of North Carolina, petitioner Betty Jean Murphy was convicted of conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 841(a)(1), and distribution of cocaine, in

violation of 21 U.S.C. § 845(a),[1] and sentenced principally to 245 months' imprisonment. After her conviction and sentence were affirmed on direct appeal, *United States v. Mabry*, 953 F.2d 127 (4th Cir. 1991), Murphy moved for collateral review under 28 U.S.C. § 2255 in the Middle District of North Carolina. The district court denied her § 2255 petition, and the Fourth Circuit denied a certificate of appealability. *United States v. Murphy*, 139 F.3d 895, 1998 WL 122108 (4th Cir. Mar.18, 1998) (unpublished table decision).

In June 2001, Murphy filed a petition pursuant to 28 U.S.C. § 2241 in the District of Connecticut, the jurisdiction in which she is incarcerated. Without reviewing the petition, that court transferred it to this Court. We then transferred the petition back to the District Court to determine whether it should be treated as a § 2241 petition or a successive § 2255 motion. The District Court (Alan H. Nevas, *Judge*) deemed Murphy's petition a successive § 2255 motion and transferred it to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1631. *See* 28 U.S.C. § 2244(b)(3)(A). Murphy has appealed from the District Court's transfer order. Before we could resolve Murphy's appeal, the Fourth Circuit treated her petition as a motion for authorization to file a second § 2255 motion, and denied authorization.

We must first determine whether we have jurisdiction, a question that we raise *nostra sponte*. *See, e.g., Goldberg v. Cablevision Sys. Corp.*, 261 F.3d 318, 323 (2d Cir.2001). Orders of the district courts may be appealable under (1) 28 U.S.C. § 1291, (2) 28 U.S.C. § 1292(b), or (3) the collateral order doctrine. *See, e.g., Kamerling v. Massanari*, 295 F.3d 206, 213 (2d Cir.2002).

■ First, the order transferring Murphy's motion to the Fourth Circuit clearly is not a final decision within the meaning of § 1291. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467–68, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The order from which Murphy appealed construed her § 2241 petition as a second § 2255 motion and transferred it to the Fourth Circuit, requiring the transferee court to decide whether to authorize her to file a second § 2255 motion. Thus, the District Court's order was not final and, therefore, not appealable under § 1291. *See, e.g., Song-Byrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 176 (2d Cir.2000) ("A transfer order is an interlocutory order that is not immediately reviewable by appeal.").

■ Second, the transfer order also is not appealable under § 1292(b). That subsection permits district courts to certify certain "controlling question[s] of law" for interlocutory appeal to the courts of appeals. As the District Court did not do so here, § 1292(b) provides no basis for appellate jurisdiction.

■ Finally, we must determine whether the District Court's order is appealable under the collateral order doctrine, which permits the immediate appeal of interlocutory orders that have "a final and irreparable effect on the rights of the parties." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In order to be immediately appealable under this doctrine, "an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494,

---

1. Section 845 was subsequently transferred to § 859.

103 L.Ed.2d 879 (1989) (quoting *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. 2454).

The first requirement of the collateral order doctrine is satisfied. The District Court's order conclusively determined that Murphy's petition was in actuality a second § 2255 motion, and the court conclusively transferred the motion to the Fourth Circuit.

The satisfaction of the doctrine's second requirement is not so clear. While the issue of whether the petition is a second § 2255 motion requiring authorization from a court of appeals is undoubtedly an important one, we do not believe that this issue is completely separate from the merits of the action. On the contrary, whether a habeas petition was properly filed under § 2241 or § 2255 is closely related to, and involves issues overlapping with, the merits of the petition. Here, for example, in determining whether the savings clause of § 2255 permitted Murphy to file a § 2241 petition, the District Court "consider[ed] Murphy's grounds for relief to determine whether section 2255 is inadequate or ineffective to address her claims." (Ruling and Order, Aug. 27, 2002, at 7.) *Cf. Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 205, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (order imposing sanction under Rule 37(a) "often will be inextricably intertwined with the merits of the action"); *Van Cauwenberghe v. Biard,* 486 U.S. 517, 529, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) ("the issues that arise in *forum non conveniens* determinations will substantially overlap factual and legal issues of the underlying dispute"); *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. 2454 (decision whether to certify a class "generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action'" (quoting *Mercantile Nat'l Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963))); *Schwartz v. City of N.Y.,* 57 F.3d 236, 238 (2d Cir.1995) (order permitting Corporation Counsel to withdraw as counsel for police officers "cannot be separated from the merits of the action"); *Debruyne v. Nat'l Semiconductor Corp. (In re Repetitive Stress Injury Litig.),* 11 F.3d 368, 372 (2d Cir.1993) (orders consolidating related actions are not completely separate from merits).

Nor is the third requirement satisfied. Collateral orders are appealable only if "the right [to be vindicated] would be 'irretrievably lost' absent an immediate appeal." *Van Cauwenberghe,* 486 U.S. at 524, 108 S.Ct. 1945 (quoting *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985)). On its face, the transfer order did not present the Fourth Circuit with the question of whether the District of Connecticut correctly construed Murphy's petition as a second § 2255 motion. Rather, the only question explicitly before the Fourth Circuit was whether to grant Murphy authorization to file a second § 2255 motion. In addressing that question, however, the Fourth Circuit could have considered whether Murphy's petition was in fact a second § 2255 motion at all. Moreover, Murphy was free to place the issue that the District Court decided—her right to file a habeas petition without authorization from a court of appeals—before the Fourth Circuit by moving to transfer the case back to the District of Connecticut. *See SongByrd,* 206 F.3d at 177–78; *Middlebrooks v. Smith,* 735 F.2d 431, 433 (11th Cir.1984). As a result, the District Court's decision was effectively reviewable by the Fourth Circuit, even in the absence of an appealable final judgment. *See* 28 U.S.C. § 2244(b)(3)(E). In *Middlebrooks,* the Eleventh Circuit concluded that a district court order construing a § 2241 habeas petition as a § 2255 motion and transferring the petition to another district court

pursuant to § 1631 was not immediately appealable, in part because "the petitioner still has means available to properly challenge the transfer order, such as moving the transferee court to retransfer." *Middlebrooks,* 735 F.2d at 433. Thus, the right that Murphy seeks to vindicate in this appeal would not be irretrievably lost absent an immediate appeal. *See Van Cauwenberghe,* 486 U.S. at 524–27, 108 S.Ct. 1945.[2] Accordingly, the collateral order doctrine does not apply, and we lack jurisdiction over Murphy's appeal.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed for lack of jurisdiction. Murphy's motion for appointment of counsel is denied as moot.

---

2. We note that the only other circuit to have considered the appealability of a transfer order like the one at issue here has also held that such orders are not immediately appealable under the collateral order doctrine. *See Brinar v. Williamson,* 245 F.3d 515, 518 (5th Cir.2001).