### V. Supplemental Jurisdiction over State Law Claims

Because, as discussed above, we vacate the district court's dismissal of the plaintiffs' federal claims with respect to markups and remand the case to the district court, we also vacate the judgment of the district court dismissing plaintiffs' state law claims "so that the district court may, in its discretion, exercise supplemental jurisdiction." *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 31 F.3d 89, 103 (2d Cir.1994).

**11.** In *Sosa*, the Eleventh Circuit dismissed a complaint, noting that in that case, unlike this one, the plaintiffs' "complaint fail[ed] to allege that Chase did not perform any services." 348 F.3d at 983. It went on to conclude on the facts before it that the plaintiffs "could

### CONCLUSION

For the foregoing reasons, the judgment of the district court is hereby affirmed in part and vacated in part. The case is remanded to the district court for further proceedings consistent with this opinion.

Each party shall bear his, her, or its own costs.

**Franquil CRUZ, Plaintiff-Appellant,**

v.

**Tom RIDGE, Secretary of the Department of Homeland Security, Defendant-Appellee.**

**Docket No. 02–2702.**

United States Court of Appeals, Second Circuit.

Submitted: Feb. 18, 2003.

Decided: Sept. 13, 2004.

[not] credibly make such an allegation." *Id.* We have insufficient basis to decide here whether the plaintiffs' factual allegations are or are not credible, and therefore decline to offer a view on the Eleventh Circuit's conclusion in this regard in *Sosa*.

Papu Sandhu, Senior Litigation Council, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C. Robert D. McCallum, Jr., Assistant Attorney General, Civil Division (Emily Anne Radford (Assistant Director)), for Respondent–Appellee.

Before: WINTER and B.D. PARKER, Circuit Judges, DRONEY, District Judge.*

## PER CURIAM.

Tom Ridge, the Secretary of Homeland Security, moves to dismiss for lack of appellate jurisdiction the appeal of Petitioner–Appellant Franquil M. Cruz from an order of the United States District Court for the Western District of New York (Skretny, *J.*) transferring Cruz's amended habeas corpus petition to this Court pursuant to 28 U.S.C. § 1631. We grant the motion and dismiss the appeal.

Cruz entered the United States without inspection by the INS in June 1995, and in April 1997 removal proceedings were commenced. In March 1998, the case proceeded to a hearing before an Immigration Judge, where Cruz conceded removability. The Immigration Judge ordered Cruz removed, but permitted him to leave voluntarily. Cruz waived appeal but failed to depart during the voluntary departure period. He was removed to Guatemala in September 1998.

Upon returning to Guatemala, Cruz was allegedly attacked and tortured by four unidentified individuals, and Cruz alleged that the attack constituted retaliation against him by members of the Guatemalan National Revolutionary Unity (URNG), a leftist guerilla organization. After the attack, Cruz fled Guatemala and, in Octo-

Robert D. Kolken, Sacks and Kolken, for Petitioner–Appellant.

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

ber 1998, again entered the United States without permission from the INS. After he was apprehended and the INS reinstated his 1995 deportation order, Cruz applied for a withholding of removal under 8 U.S.C. § 1231(b)(3), contending that he feared continued persecution or torture if he were returned to Guatemala, but the INS determined that he had failed to establish a reasonable basis for such fear. After an unsuccessful appeal before an Immigration Judge, his removal was scheduled.

Cruz then filed a Petition for a Writ of Habeas Corpus in the District Court. *See* 28 U.S.C. § 2241. The INS then moved pursuant to 28 U.S.C. § 1631 [1] to transfer the petition to this Court, on the ground that 8 U.S.C. § 1252(b)(1) lodges jurisdiction over appeals from immigration orders exclusively in the courts of appeals.[2]

After the District Court transferred Cruz's petition to this Court, the litigation (docket number 02-4521) has proceeded as a petition to review the merits of the Immigration Judge's determination. Nevertheless, Cruz filed separate notice of appeal of the District Court's order transferring his habeas petition to this Court, and the INS has moved to dismiss it for lack of appellate jurisdiction.

■ Generally, orders of the district courts are appealable only if they are final orders. *See* 28 U.S.C. § 1291; *Murphy v. Reid*, 332 F.3d 82, 83 (2d Cir.2003). An order is "final" within the meaning of section 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). This Court has repeatedly held that transfer orders are not appealable because they are interlocutory rather than final orders. *Michael v. INS*, 48 F.3d 657 (2d Cir.1995) (transfer pursuant to 28 U.S.C. § 1406(a) is an interlocutory order); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 176 (2d Cir.2000) (a "transfer order is an interlocutory order that is not immediately reviewable by appeal").

■ Cruz does not seriously contend that the transfer order was final. Instead he argues that it is subject to review under the collateral order doctrine, which permits appeals from non-final orders which (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) be "effectively unreviewable on appeal from a final judgment." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

■ But it is now well-settled in this Circuit that transfer orders under section 1631 are not collateral. In *Murphy*, we held that an order transferring a habeas corpus petition under section 1631 from a district court to a court of appeals was not

---

1.  28 U.S.C. § 1631 provides for transfers to cure want of jurisdiction over a petition for review of an administrative action if (1) the transferor court lacks jurisdiction, (2) it is in the interests of justice, and (3) the petition for review could have been brought in the transferee court at the time it was filed.

2.  Section 1252 is part of Title II of the Immigration and Nationality Act, 8 U.S.C. §§ 1151–1363(a). The Act provides in part that "if the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. 1231(a)(D)(5) (2004).

appealable because the issue was "effectively reviewable" by the transferee circuit court. 332 F.3d at 84. Because Cruz can contest this court's jurisdiction in his pending review petition, the district court's transfer order is effectively reviewable, not collateral. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.