UNITED STATES of America Appellee,

v.

Thomas MARMOLEJAS and Jaime Gomez, Defendants–Appellants.

Nos. 02–1577L, 02–1582CON.

United States Court of Appeals, Second Circuit.

Oct. 27, 2004.

Valerie S. Amsterdam, New York, NY, for Appellant Marmolejas.

Lynne F. Stewart, Sabrina P. Shroff, New York, NY, for Appellant Gomez.

Marc L. Mukasey, Richard Sullivan, Assistant United States Attorneys (David N. Kelley, United States Attorney, Southern District of New York), New York, NY, for Appellee.

Present: OAKES, CARDAMONE, and B.D. PARKER, Circuit Judges.

### CORRECTED SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendants–Appellants Thomas Marmolejas and Jaime Gomez appeal judgments of conviction in the United States District Court for the Southern District of New York (Chin, *J.*) on seven counts for conduct related to their participation in a murder-for-hire on behalf of a heroin distribution organization. Separately, they challenge several of Judge Chin's rulings at trial. Gomez contends (i) that his Sixth Amendment rights to a "meaningful defense," and to the "effective assistance of counsel," were violated by Judge Chin's ruling that the government could introduce Gomez's proffer agreement to rebut any contradictory theories offered by Gomez at trial; and (ii) that his conviction on the counts related to narcotics conspiracy should be vacated because the Court failed properly to instruct the jury with respect to those charges, and because the evidence did not support the convictions.

Marmolejas contests two evidentiary rulings at trial—(i) the admission under the residual hearsay exception, Fed. R.Evid. 807, of an abstract of a co-defendant's driving record, as well as a copy of his license photograph and signature, and (ii) the admission as "tools of the trade" of a group of firearms that were not used in the charged offenses—and a sentencing issue—(iii) that 18 U.S.C. § 1958(a), contrary to Judge Chin's understanding, did not require imposition of a term of life imprisonment. We reject each of these

arguments and affirm the Appellants' convictions. Familiarity with the evidence adduced at trial and the parties' arguments, where not set forth below, will be assumed.

## I. The Enforcement of Gomez's Proffer Agreement with the Government

■ Gomez argues that he was denied the right to put on a meaningful defense by Judge Chin's enforcement of a Proffer Agreement that Gomez entered into with the Government in the unsuccessful pursuit of a cooperation agreement. The Agreement provided that if the negotiations proved unsuccessful the Government would not offer any of Gomez's statements at trial in its case-in-chief, but that it could use them "to rebut any evidence or arguments offered by or on behalf of" him. In a pre-trial ruling, Judge Chin held that he would be "hard pressed" to accept arguments or evidence offered by Gomez at trial that contradicted his proffer statements without also permitting the government to introduce the Agreement.

Relying principally on *United States v. Duffy,* 133 F.Supp.2d 213 (E.D.N.Y.2001), Gomez argues on appeal that at trial the use of a proffer agreement should be limited to the cross-examination of the defendant, if he testifies, but should not be extended to rebutting arguments advanced by counsel on his behalf. His argument, however, is foreclosed by our recent decision in *United States v. Velez,* 354 F.3d 190, 195 (2d Cir.2004), where we held a similar proffer agreement was enforceable if knowingly and voluntarily entered. Since Gomez does not contend that his execution of the proffer agreement was anything but knowing and intelligent, we affirm the District Court's enforcement of the agreement.

## II. The Narcotics Conspiracy Counts

Gomez also challenges his conviction on the two counts of the indictment pertaining to participation in a narcotics conspiracy, principally on the ground that his agreement to commit murder-for-hire on behalf of the heroin distribution ring was not an "independent agreement ... to join the ranks of the conspiracy." *United States v. Zabare,* 871 F.2d 282, 287 (2d Cir.1989). Specifically, he challenges both Judge Chin's jury instruction on these counts and the sufficiency of the evidence on which he was convicted. Both arguments are without merit.

■ First, Judge Chin's jury instruction on the narcotics conspiracy counts did not "mislead[] the jury as to the correct legal standard [nor] [in]adequately inform the jury on the law." *United States v. Masotto,* 73 F.3d 1233, 1238 (2d Cir.1996). He did not merely instruct that a "single act was sufficient to prove participation in a conspiracy," as Gomez suggests, but that a defendant "may be guilty of conspiracy ... if he was involved in only one transaction with the conspiracy ... *only if* he participated in the transaction with knowledge of the conspiracy's unlawful purpose and with the intent of furthering the conspiracy's business or objective." We see no error of law in this instruction. *See, e.g., United States v. Giraldo,* 80 F.3d 667, 673 (2d Cir.1996) ("[A] defendant's participation in a single transaction can, on an appropriate record, suffice to sustain a charge of knowing participation in an existing conspiracy, if the other evidence permits an inference that the defendant had knowledge of the conspiracy and intended to join." (internal quotation marks and citations omitted)).

■ Further, the specific instruction to which Gomez claims he was entitled—that "the mutual cooperation between the outsider [Gomez] and the conspirator [Reyes and Peralta] in the context of the single crime [murder-for-hire] is not a substitute for proof of an independent agreement on

the part of the outsider to join the ranks of the conspiracy," *Zabare*, 871 F.2d at 287 (2d Cir.1989)—"did not accurately represent the law in every respect." *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998); *see also United States v. Vasquez*, 82 F.3d 574, 577 (2d Cir.1996) ("A conviction will not be overturned for refusal to give a requested charge ... *unless that instruction is legally correct*, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." (emphasis added)). The "single transaction rule," set forth in *Zabare*, 871 F.2d at 287, has been invoked by this Court only in the context of a contraband purchaser's alleged participation in the greater conspiracy of trafficking in such contraband. *See, e.g., United States v. Zeuli*, 137 F.2d 845, 847 (2d Cir.1943) (holding that the "single transaction rule" protects a purchaser of stolen goods, who by definition must know the goods to be stolen, from being made party to the original theft via conspiracy). We have never extended it to a situation where the defendant is aware of the greater operation and commits an independent crime in the furtherance of that operation's goals. Thus, we reject the contentions that Judge Chin's instruction on the narcotics conspiracy counts was erroneous, and that he should have adopted Gomez's proposed instruction based on the "single transaction rule."

█ Also, we reject Gomez's contention that the evidence was somehow insufficient to support his conviction on the narcotics conspiracy counts. Gomez told the police after his arrest that the hitmen "were going to ... a spot where (2) kilos and $400 thousand ... were ripped off by these guys. We were going to take these guys['] beepers and get back the customers these guys had stolen *from us.*" For

his part, Marmolejas admitted at trial that he thought his job on May 25 was about recovering a stolen beeper from a "street guy who sells drugs." We find that a rational trier of fact could have found from this and other evidence that the defendants knew of the narcotics distribution conspiracy, and assisted it by agreeing to commit murder for hire. *United States v. McCullah*, 76 F.3d 1087, 1104 (10th Cir. 1996) (holding that it was permissible for the jury to find that the defendants "understood that the murder ... was not an end in itself but rather was part of the ... organization's larger drug distribution operation"). We uphold the convictions on these counts.

## III. The Admission of the DMV Records

█ Marmolejas contends that it was error for the judge to admit co-defendant Johnny Martinez's faxed DMV records under the residual hearsay exception, Fed. R.Evid. 807. We find no abuse of discretion. *See United States v. Cardascia*, 951 F.2d 474, 489 (2d Cir.1991) (evidentiary decisions reviewed for abuse of discretion).

Rule 807 permits the admission of hearsay evidence "having equivalent circumstantial guarantees of trustworthiness" as the hearsay exceptions set forth in Rules 803 and 804, where: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." Fed.R.Evid. 807; *see United States v. Bryce*, 208 F.3d 346, 350–51 (2d Cir.1999). In admitting the faxed documents under Rule 807, Judge Chin concluded that the they were "more probative on the point for

which [they are] offered than any other evidence which may be procured at this point through reasonable efforts, and ... will serve the general purposes of the rules and the interests of justice to receive it," and that "together it is clear that [the documents] are DMV records." Marmolejas complains that the faxed documents were not "more probative" than the in-court testimony of a DMV witness, who would be able to verify whether the faxed records "reflected Martinez's true driving record," and that he was not provided sufficient notice under Rule 807 of the government's intent to introduce these documents.

We decline to find that Judge Chin abused his discretion in admitting these records. For one, the record indicates—and Marmolejas does not contest—that when the government moved to offer the records his counsel suggested that she "certainly wouldn't make the [DMV] clerk come down [in person to testify about the records]," and that "[p]erhaps the record could be faxed." Second, whatever prejudice that may have arisen from the government's eleventh-hour motion to have the records admitted was neutralized by the sur-rebuttal evidence of Martinez's rap sheet—suggesting that his license may have in fact been suspended as a penalty for previous crimes—that Judge Chin permitted Marmolejas to introduce. Since the evidence was reliable and since Marmolejas had a reasonable opportunity to rebut it, we see no reason to disrupt Judge Chin's ruling.

## IV. The Admission of the Weapons Recovered from Marmolejas's Van

Marmolejas also challenges the admission of weapons recovered from his van at the time of his arrest. They were admitted by Judge Chin as "tools of the trade" of narcotics dealers, and as evidence supporting the government's theory that Appellants were "professional hitmen." *See United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir.1997) (evidence that is "inextricably intertwined" with the evidence of the charged offense is admissible under Rule 401). Marmolejas contends that the evidence should not have been admitted because its "probative value was substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Again we find that Judge Chin did not abuse his discretion.

This evidence—which was neither tangential nor superfluous to the government's theory that Marmolejas was a professional "hitman"—satisfied *both* the "tools of the trade" and general "relevance" requirements for admissibility. Moreover, the presence of guns in the van's secret compartment one week after the murder was perfectly consistent with Marmolejas's theory of innocence—i.e., that he had shared access to the van with Martinez during the relevant period; that Martinez may have installed the secret compartment for his own use without Marmolejas's knowledge; and that he had had no idea about the murderous plot on both days of the stake out in the van. We have little concern that the jury "convicted Marmolejas ... because of the size and number of the guns [recovered from the van]"; rather, it is more probable that the jury simply chose not to credit Marmolejas's account of his role in the shooting.

## V. Sentencing Under 18 U.S.C. § 1958

At sentencing, Marmolejas argued that the murder-for-hire statute under which he was found guilty, 18 U.S.C. § 1958—which sets a punishment of "death or life imprisonment, *or* ... [a] fine[ ] [of] not more than $250,000, *or* both" if death results from an attempted murder-for-hire—does not prescribe a

784

mandatory minimum sentence of life imprisonment because it appears to authorize a sentence of simply a fine in lieu of any term of imprisonment. Judge Chin rejected this argument, concluding that the statute did not permit any discretion and that life imprisonment was a mandatory minimum, and that even if there were discretion to depart, he would not exercise that discretion to do so.

Although we strongly doubt the merits of Marmolejas's statutory argument, *see United States v. James*, 239 F.3d 120 (2d Cir.2000) (holding that 18 U.S.C. § 1959(a)(1), which provides for a punishment of "death or life imprisonment, *or* a fine under this title, *or* both," *id.* (emphases added), provides a mandatory minimum sentence of life imprisonment), we need not reach the question because of Judge Chin's indication that, even if empowered to do so, he would not have imposed any sentence other than a life imprisonment. *Cf. United States v. Shuster*, 331 F.3d 294, 296 (2d Cir.2003) ("[G]uideline disputes that would not have affected the ultimate sentence need not be adjudicated on appeal. . . ."). Since a district court's decision not to grant a downward departure is normally not appealable, we decline to disrupt Judge Chin's decision not to depart in this case. *See United States v. Galvez–Falconi*, 174 F.3d 255, 257 (2d Cir.1999).

\*   \*   \*   \*   \*   \*

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, the judgments of conviction of the District Court are hereby AFFIRMED.