11-3181-pr
*Fludd v. Fischer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

———————————————————————

Jovan Fludd,

     *Plaintiff-Appellant*,

     v.                              11-3181-pr

Brian Fischer, Commissioner, *et al.*,

     *Defendants-Appellees*.

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jovan Fludd, *pro se*, Alden, New York. |
| **FOR DEFENDANTS-APPELLEES:** | Victor G. Paladino, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Nancy A. Spiegel, Senior Assistant Solicitor General, *of counsel*), *for* Eric T. Schneiderman, Attorney General, New York State Office of the Attorney General, Albany, New York. |

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Plaintiff-appellant Jovan Fludd ("Fludd"), an inmate at New York State's Wende Correctional Facility ("Wende") proceeding *pro se*, appeals the July 7, 2011 order of the District Court denying his motion for a preliminary injunction directing the defendants to transfer him to another correctional facility. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to 28 U.S.C. § 1292(a)(1), we have jurisdiction over appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." "To qualify as an 'injunction' under § 1292(a)(1), a district court order must grant at least part of the ultimate, coercive relief sought by the moving party." *Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001). In other words, § 1292(a)(1) imparts appealability only to those injunctive orders that affect the substance of the plaintiff's underlying claim. *See id.*

Fludd alleges in his complaint, in relevant part, that his administrative segregation in Wende's Special Housing Unit ("SHU") violates his constitutional rights. Although it is clear that Fludd does not want to remain in the SHU, the only relevant coercive relief he seeks in his complaint is release into the general population at Wende—not transfer to a different correctional facility. Since the District Court's order does not involve the grant of part or all of the substantive relief Fludd seeks in his complaint, § 1292(a)(1) does not provide us with a basis to exercise jurisdiction over the instant appeal.

The only other potential basis for appellate jurisdiction in this case is the collateral order doctrine. For an interlocutory order to fall within the collateral order doctrine, the order must: "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Murphy v. Reid*, 332 F.3d 82, 83 (2d Cir. 2003) (internal quotation marks omitted). Here, although the District Court's order conclusively determined an issue that is separate from the merits of the action, *i.e.*, whether Fludd was entitled to a prison transfer, the issue is not one that would effectively be unreviewable on appeal from a final judgment.

2

For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT

Catherine O'Hagan Wolfe, Clerk