Marmolejos v. USA

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2014

(Motion Submitted:  January 12, 2015                    Decided:   June 4, 2015)

Docket No. 14-3519

_____

THOMAS MARMOLEJOS,

Petitioner-Appellant,

- v. -

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Before:  KATZMANN, Chief Judge, KEARSE and RAGGI, Circuit Judges.

Motion by petitioner for a certificate of appealability to permit appeal from an order of the United States District Court for the Southern District of New York, Denny Chin, Circuit Judge sitting by designation, transferring petitioner's 28 U.S.C. § 2255 motion to this Court for determination of whether the motion may be filed as a second or successive motion, see 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).  Petitioner argues that his present § 2255 motion is not second or successive because it is his first such motion since the district court's entry of an amended judgment correcting clerical errors in the original judgment.

Lacking jurisdiction to entertain an appeal from such a transfer order, we construe petitioner's application as a motion for retransfer to the district court on the basis that his present § 2255 motion is not second or successive. We deny the motion as thus construed, concluding that the holding of Magwood v. Patterson, 561 U.S. 320 (2010), relied on by petitioner, does not extend to a judgment that has been amended only to correct clerical errors.

We will allow petitioner 45 days from the date of this opinion to move for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. §§ 2255(h) and 2244(b).

THOMAS MARMOLEJOS, Otisville, New York, Petitioner-Appellant pro se.

PREET BHARARA, United States Attorney for the Southern District of New York, New York, New York (Michael A. Levy, Assistant United States Attorney, New York, New York, of counsel), for Respondent-Appellee.

KEARSE, Circuit Judge:

Petitioner pro se Thomas Marmolejos, who filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York in 2005 and sought to file another such motion in 2014, moves for a certificate of appealability permitting him to appeal from an order of that court, Denny Chin, Circuit Judge sitting by designation, transferring his present § 2255 motion to this Court for a determination, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), of whether the motion may be filed as a second or successive motion, see 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Marmolejos, citing Magwood v. Patterson, 561 U.S. 320 (2010), contends that the district court erred in treating his present § 2255 motion as second

2

or successive because, after his first § 2255 motion, the court entered an amended judgment to correct clerical errors in the original judgment, and Marmolejos's present § 2255 motion is his first such motion since the entry of the corrected judgment. Concluding that Magwood does not extend to judgments amended only to correct clerical errors, we disagree. Marmolejos will be given 45 days from the date of this opinion to move for leave to file a second or successive § 2255 motion pursuant to 28 U.S.C. §§ 2255(h) and 2244(b).

## I. BACKGROUND

On October 11, 2002, Marmolejos--whose name was then spelled "Marmolejas" by Marmolejos himself, by his counsel, by the government, and by the courts--was convicted of seven federal offenses relating to his participation in a murder-for-hire on behalf of a heroin distribution organization. He was sentenced principally to life imprisonment, to be followed by a 10-year term of imprisonment, and his conviction was affirmed on appeal, see United States v. Marmolejas, 112 F. App'x 779, 780-81 (2d Cir. 2004).

In 2005, Marmolejos moved pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, arguing that his attorney had provided ineffective assistance at sentencing and on appeal. The district court noted that, for the first time

> [i]n the instant motion, Marmolejas spells his name "Marmolejos." At all prior stages of this case--the trial, the sentencing, and the appeal--defendant, defense counsel, the Government, and the courts have spelled defendant's name "Marmolejas." For consistency, I continue that spelling.

Marmolejas v. United States, No. 05-cv-10693-DC, 2006 WL 2642130, at *1 n.1 (S.D.N.Y. Sept. 15, 2006). The court denied the § 2255 motion on the merits and declined to issue a certificate of

3

appealability, finding that Marmolejos had failed to make a substantial showing of the denial of a constitutional right. See id. at *8. Marmolejos' application to this Court for a certificate of appealability was denied, see Marmolejos [sic] v. United States, No. 07-0366 (2d Cir. May 16, 2007), and the Supreme Court denied certiorari, see Marmolejos [sic] v. United States, 552 U.S. 960 (2007). See also Marmolejas [sic] v. United States, No. 05-cv-10693-DC, 2010 WL 3452386, at *1 (S.D.N.Y. Sept. 2, 2010) (denying motion by Marmolejos pursuant to Fed. R. Civ. P. 60(b)(4), 60(d)(1), and 60(d)(3) to set aside the denial of his § 2255 motion).

In 2012, Marmolejos filed a motion under Fed. R. Crim. P. 36 to correct clerical errors in his judgment of conviction. He contended (1) that "Marmolejas" was a misspelling of his name, (2) that the judgment should not have referred to "Count Ten" because he was charged in only eight counts, (3) that the judgment should have included a reference to 18 U.S.C. § 2, the aiding-and-abetting statute, and (4) that his United States Marshal ("USM") number--the identification number assigned to a detainee in the federal criminal justice system--was incorrect. (See Marmolejos Motion To Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 ("Marmolejos Rule 36 Motion").) The district court granted the motion only to the extent of correcting the spelling of Marmolejos's name and correcting his USM number. See United States v. Marmolejos, No. 99-cr-1048-DC-3, 2013 WL 2003241 (S.D.N.Y. May 10, 2013) ("Correction Order"). An amended judgment was entered on May 10, 2013, making those corrections.

In April 2014, Marmolejos brought his present § 2255 motion, again challenging his 2002 conviction and sentence on grounds of ineffective assistance of counsel. Although AEDPA provides that a "second or successive" § 2255 motion may be filed in the district court only if the appropriate court of appeals has granted permission for it to be filed, see 28 U.S.C. §§ 2255(h),

4

2244(b)(3), Marmolejos had neither received nor sought such permission to file his present § 2255 motion. He argued, citing Magwood, that permission was not required because the present § 2255 motion was the first motion he filed after the amended judgment was entered in 2013. The district court rejected that argument, finding that Marmolejos's present § 2255 motion was second or successive because the amended judgment was not the result of a resentencing and corrected only clerical errors. The court thus transferred the motion to this Court pursuant to 28 U.S.C. § 1631 for a determination pursuant to 28 U.S.C. §§ 2255(h) and 2244(b) of whether Marmolejos should be allowed to file his present § 2255 motion. See United States v. Marmolejos, No. 05-cv-10693-DC (S.D.N.Y. July 14, 2014) ("Transfer Order").

In this Court, instead of moving for permission to file his present § 2255 motion in the district court, Marmolejos has moved for a certificate of appealability to permit him to appeal from the district court's Transfer Order. He has also moved for leave to proceed in forma pauperis.

## II. DISCUSSION

In support of his motion in this Court for a certificate of appealability, Marmolejos renews his argument that, in light of Magwood, "the instant § 2255 motion is not second or successive because it follows a 'new' judgment--the amended judgment correcting clerical errors." (Marmolejos Motion for Certificate of Appealability at 7.) For the reasons that follow, we disagree and conditionally dismiss the appeal.

To begin with, this Court lacks jurisdiction to entertain a purported appeal of, or to grant a certificate of appealability to permit the appeal of, the district court's Transfer Order. An order

5

of a district court transferring a § 2255 motion as second or successive is neither a final decision appealable pursuant to 28 U.S.C. § 1291 nor a decision that would be appealable under the collateral order doctrine. See, e.g., Cruz v. Ridge, 383 F.3d 62, 64-65 (2d Cir. 2004); Murphy v. Reid, 332 F.3d 82, 83-85 (2d Cir. 2003). Therefore, to the extent that Marmolejos seeks to appeal the Transfer Order, his appeal must be dismissed for lack of jurisdiction.

However, a habeas petitioner who contends that a transfer order was erroneous because he believes his petition or motion is not second or successive may challenge the transfer by moving to retransfer the matter to the district court. See generally Murphy v. Reid, 332 F.3d at 84-85; James v. Walsh, 308 F.3d 162, 169 (2d Cir. 2002) ("When we conclude that a claim brought in an application for leave to file a successive habeas petition is not subject to the gatekeeping provisions of Section 2244, we . . . transfer the petition to the district court with directions to accept the petition for filing."). Construing Marmolejos's pro se motion for a certificate of appealability liberally, we will treat it as such a retransfer motion. Even as thus treated, however, the motion is denied because we conclude that Marmolejos's reliance on Magwood is misplaced.

"Although Congress did not define the phrase 'second or successive,' as used [in] . . . § 2244(b)[], it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time . . . .'" Magwood, 561 U.S. at 331-32 (quoting Panetti v. Quarterman, 551 U.S. 930, 944 (2007)). In Magwood, a state prisoner, convicted of murdering an on-duty law enforcement officer and sentenced to death, filed a § 2254 petition challenging his conviction and sentence.

> The District Court conditionally granted the writ as to the sentence, mandating that Magwood either be released or resentenced. The state trial court conducted a new sentencing hearing and again sentenced Magwood to death. Magwood filed an application for a writ of habeas corpus in federal court

6

> challenging this new sentence. The District Court once again conditionally granted the writ, finding constitutional defects in the new sentence. The Court of Appeals for the Eleventh Circuit reversed, holding in relevant part that Magwood's challenge to his new death sentence was an unreviewable "second or successive" challenge under 28 U.S.C. § 2244(b) because he could have mounted the same challenge to his original death sentence.

Magwood, 561 U.S. at 323 (emphases added). The Supreme Court reversed the court of appeals, holding that "[b]ecause Magwood's habeas application challenge[d] a new judgment for the first time, it [wa]s not 'second or successive' under § 2244(b)." Id. at 323-24 (footnote omitted).

The Supreme Court reasoned that Magwood's "resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." Id. at 331. Although some of Magwood's claims could have been asserted in his prior § 2254 petition, the fact that the trial court had "made the same mistake before" was not a basis for finding his new petition second or successive. Id. at 339. "This is Magwood's first application challenging that intervening judgment. The errors he alleges are new." Id. (emphases in original). "An error made a second time is still a new error. That is especially clear here, where the state court conducted a full resentencing and reviewed the . . . evidence afresh." Id. (emphases added).

The rule announced in Magwood with respect to petitions by state prisoners pursuant to § 2254 is applicable to motions by federal prisoners pursuant to § 2255. See, e.g., Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010) ("Johnson II") ("[N]othing in the AEDPA indicates that Congress intended the 'second or successive' rules to operate differently with regard to state and federal prisoners." (other internal quotation marks omitted)). Accordingly, we have held that where a prior § 2255 motion resulted in this Court's decision modifying the judgment of conviction to vacate the defendant's conviction on one of several counts--albeit with no change in his term of imprisonment, see Johnson v. United States, 293 F. App'x 789, 790-91 (2d Cir. 2008) ("Johnson I")--

7

the defendant's first motion after the modification leading to the "new judgment" was not a second or successive motion with respect to the modified judgment. Johnson II, 623 F.3d at 46 (internal quotation marks omitted).

Thus, Magwood and Johnson II stand for the principle that when a judgment is entered on account of new substantive proceedings involving reconsideration of either the defendant's guilt or his appropriate punishment, it is a new judgment for purposes of AEDPA; the defendant's first application under § 2254 or § 2255 after the entry of that new judgment is not a second or successive application within the meaning of §§ 2255(h) and 2244(b).

To resolve the issue presented on the present motion, we need not delineate all situations in which a second habeas petition is not second or successive for purposes of AEDPA. Rather, we decide only that the amendment of a judgment pursuant to Criminal Rule 36 has no effect on whether a subsequent habeas petition is second or successive. Rule 36 provides, in pertinent part, that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record . . . ." Fed. R. Crim. P. 36. Rule 36 permits the correction of typographical errors. See, e.g., United States v. Banol-Ramos, 516 F. App'x 43, 48 (2d Cir. 2013) (instructing district court on remand to correct judgments pursuant to Rule 36 to identify the violated section of Title 18 U.S.C. as "2339B" rather than "2239B"); United States v. Ervasti, 201 F.3d 1029, 1046 & n.16 (8th Cir. 2000) (stating that district court on remand should correct the judgment pursuant to Rule 36 where the pertinent attachment to the judgment clearly revealed that the judgment overstated the ordered restitution amount by two million dollars). Rule 36 does not encompass corrections that are designed, for example, to alter the internal structure of a sentence in order to correct noncompliance with statutory maxima on specific counts of conviction, see United

8

States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996), or otherwise to "effectuate [the court's] unexpressed intentions at the time of sentencing," United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995). "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments," id. (footnote omitted); "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature," id. at 347 (internal quotation marks omitted). See generally 3 C. Wright & S. Welling, Federal Practice and Procedure § 641, at 771-73 (4th ed. 2011) ("Wright & Welling") ("Only clerical errors may be corrected under this Rule. An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the Rule." (footnote omitted)). The nonsubstantive nature of the corrections that may properly be made pursuant to this Rule is further reflected in the fact that the Rule, by its own terms, does not require the giving of notice prior to the correction unless the court "considers [notice] appropriate," Fed. R. Crim. P. 36; see, e.g., Wright & Welling § 642, at 775 ("Notice [under Rule 36] is not mandatory but rests in the discretion of the court.").

In sum, "Rule 36 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment." United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981). We conclude that an amended judgment merely correcting errors that were clerical does not constitute a "new judgment" within the meaning of Magwood and Johnson II. Accord United States v. Cano, 558 F. App'x 936, 942 n.6 (11th Cir.), cert. denied, 135 S. Ct. 387 (2014); United States v. Ledesma-Cuesta, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) (rejecting defendant's "admit[ted]" attempt "to correct his judgment" pursuant to Rule 36 "because he believe[d] that this

9

w[ould] allow him to proceed anew via 28 U.S.C. § 2255 without having to satisfy the 'second or successive' requirements of 28 U.S.C § 2255(h) and 28 U.S.C. § 2244(b)(3)").

In the present case, Marmolejos's judgment of conviction was amended only to correct the spelling of his name from "Marmolejas" to "Marmolejos," and to correct his USM number from "40376-054" to "48376-054." Correction Order, 2013 WL 2003241, at *1. His motion seeking these and additional changes he recognized were "clerical" (Marmolejos Rule 36 Motion at 1) did not in any manner seek reconsideration of his conviction or his punishment. Rather, defining "'Judgment'" as "the Court's JUDGMENT IN A CRIMINAL CASE . . . in this matter filed on October 11, 2002" (id.), his motion stated that "Justice requires that the Judgment be corrected as requested so that the Judgment may be enforced accurately against Mr. Marmolejos" (id. at 2 (emphasis added)).

There was no "new" judgment against Marmolejos within the meaning of Magwood and Johnson II. Accordingly, his present § 2255 motion is second or successive within the meaning of 28 U.S.C. §§ 2255(h) and 2244(b).

CONCLUSION

We have considered all of Marmolejos's arguments in support of his contention that his present § 2255 motion should not be considered second or successive and have found them to be without merit. His motion for a certificate of appealability is denied; construed as a motion for retransfer to the district court, the motion is denied.

Pursuant to 2d Cir. Local Rule 22.2(b), we give Marmolejos 45 days from the date of this opinion to move pursuant to 28 U.S.C. §§ 2255(h) and 2244(b) for leave to file a second

10

or successive § 2255 motion. If he does not so move, the present proceeding will be dismissed, and his motion for <u>in forma pauperis</u> status will be denied as moot.