22-37-cv
*Am. Plan Adm'rs v. S. Broward Hosp. Dist.*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2021
No. 22-37-cv

AMERICAN PLAN ADMINISTRATORS,
*Petitioner-Appellant*,

v.

SOUTH BROWARD HOSPITAL DISTRICT,
*Respondent-Appellee*.

On Appeal from the United States District Court
for the Eastern District of New York

SUBMITTED: JUNE 7, 2022
DECIDED: JULY 6, 2022

Before: POOLER, LOHIER, and NARDINI, *Circuit Judges*.

This motion to dismiss presents the question of whether an order transferring a motion to quash a third-party subpoena to the court that issued the subpoena, pursuant to Federal Rule of Civil

Procedure 45(f), is immediately appealable under the collateral order doctrine or is instead a non-final order that may be effectively reviewed after final judgment. We hold that a Rule 45(f) transfer order is non-final and not immediately appealable under the collateral order doctrine because it may be effectively reviewed by the transferee circuit after final judgment. Accordingly, the motion is **GRANTED** and the appeal is **DISMISSED**.

———————

Joseph S. Hubicki, Law Offices of Joseph S. Hubicki, New York, NY; Dean H. Malik, Patrick C. Timoney, Devine Timoney Law Group, Blue Bell, PA, *for Petitioner-Appellant.*

Tal J. Lifshitz, Eric S. Kay, Kozyak Tropin & Throckmorton LLP, Miami, FL, *for Respondent-Appellee.*

———————

PER CURIAM:

Appellant American Plan Administrators ("APA") appeals an order transferring to the Southern District of Florida its motion to quash a third-party subpoena. Appellee South Broward Hospital District ("South Broward"), which obtained the subpoena, moves to dismiss the appeal as taken from a non-final order. APA opposes, arguing that the collateral order doctrine applies to permit our review of the order.

We agree with Appellee that the order is not immediately appealable because the transfer may be reviewed by the transferee circuit after final judgment. Accordingly, the motion is **GRANTED** and the appeal is **DISMISSED**.

## BACKGROUND

In 2020 South Broward filed a putative class action lawsuit against ELAP Services, LLC and Group & Pension Administrators, Inc. in the Southern District of Florida, alleging that the defendants, which help administer claims for employers with self-funded healthcare plans, engaged in unfair and deceptive trade practices by systematically underpaying healthcare providers for their services.

In 2021 South Broward subpoenaed APA, a Brooklyn-based third-party claims administrator that uses ELAP's auditing services. The subpoena was issued by the United States District Court for the Southern District of Florida. As pertinent here, APA moved in the Eastern District of New York to quash the subpoena. APA asserted that the Eastern District of New York was the proper venue for its motion under Federal Rule of Civil Procedure 45 because APA's principal place of business was in that district, making it the place for compliance.

On South Broward's motion, the District Court transferred the motion to quash to the Southern District of Florida under Rule 45(f). Rule 45(f) provides, in pertinent part, that "[w]hen the court where

3

compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee's notes observe that "[i]n some circumstances . . . transfer may be warranted [under Rule 45(f)] in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment. The District Court reasoned that transfer to the Southern District of Florida was warranted because, among other reasons, the underlying lawsuit is pending in that court and at least one other similar motion to quash had already been transferred to that court from the Northern District of Iowa. *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, No. 21-MC-2663 (KAM) (TAM), 2021 WL 6064845, at *2–5 (E.D.N.Y. Dec. 22, 2021).

This appeal followed. South Broward now moves to dismiss the appeal for lack of jurisdiction.

## DISCUSSION

This Court has appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the [district] court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).

4

No circuit court, including this one, has yet expressly determined whether a Rule 45(f) transfer order is immediately appealable. APA urges us to conclude that it is, arguing that this appeal may be heard under the collateral order doctrine because it will be otherwise unreviewable. We disagree.

Under the collateral order doctrine, we have jurisdiction to review an order that "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *United States v. Bescond*, 24 F.4th 759, 766 (2d Cir. 2021) (quotation marks omitted). The order at issue here may be effectively reviewed after final judgment by the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit, which reviews district court decisions in the Southern District of Florida, has held that a transfer order is reviewable by the transferee circuit following final judgment. *Middlebrooks v. Smith*, 735 F.2d 431, 433 (11th Cir. 1984); *accord SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000). Although the Eleventh Circuit cannot directly reverse a decision of the district court in the Eastern District of New York, APA can move in the Florida district court for transfer back to New York and, if that motion is denied, the Eleventh Circuit can review that order and direct the Florida district court to transfer the case back to New York.[1] *See, e.g.*, *Murphy v. Reid*, 332 F.3d 82, 84–85

---

[1] Assuming the appeal to the Eleventh Circuit can be taken from a final judgment in the underlying case, we acknowledge that the Eleventh Circuit may permit other means of obtaining review, and we express no opinion as to those other possible means.

5

(2d Cir. 2003); *Middlebrooks*, 735 F.2d at 433 ("[T]he petitioner still has means available to properly challenge the transfer order, such as moving the transferee court to retransfer or raising the matter on appeal after final judgment.").

This conclusion is supported by our holdings in other cases with respect to transfer orders issued pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and 1631, none of which are immediately appealable. *See Cruz v. Ridge*, 383 F.3d 62, 64–65 (2d Cir. 2004) (§ 1631); *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001) (§ 1404(a)); *Michael v. INS*, 48 F.3d 657, 661 (2d Cir. 1995) (§ 1406(a)). Further, both § 1291 and Rule 45(f) are primarily focused on avoiding piecemeal litigation. *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017) ("By allowing for transfers, Rule 45(f) allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals.").

APA argues that the order before us should be immediately appealable because it is analogous to an order denying a motion to compel compliance with a third-party subpoena, which this Court has held to be immediately appealable if the district court ruling on the motion is in a different circuit than the district court conducting the main proceedings. *See Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 574 n.5 (2d Cir. 2005) (citing prior decisions); *Barrick Grp., Inc. v. Mosse*, 849 F.2d 70, 73 (2d Cir. 1988). But that rule reflects the simple fact that orders relating to third-party subpoenas cannot effectively be reviewed after final judgment. The order that is the subject of the

6

present appeal, by contrast, did not grant or deny a discovery request and did not address the merits of the motion to quash. Instead, it sent the motion to the forum for the underlying action, ensuring that there will be no cumbersome parallel proceedings and appeals in different circuits. The Southern District of Florida will determine whether to grant this discovery request and others originating in other parts of the country. Because that court also is presiding over the underlying proceeding, the order deciding the motion can be effectively reviewed on final judgment by the Eleventh Circuit.

## CONCLUSION

We therefore hold that where a district court transfers a motion to another jurisdiction under Rule 45(f), that order is not immediately appealable under the collateral order doctrine.

For the reasons set forth above, we **GRANT** the Appellee's motion and the appeal is **DISMISSED** for lack of jurisdiction.