**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARK JOHN CHAPMAN,

    Defendant-Appellant.

No. 06-3355

(D. C. No. 94-CR-30007-01-RDR)
(D. C. No. 05-CV-3332-RDR)
(D. Kansas)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Mark John Chapman (Chapman), a federal prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The matter is before this court on Chapman's request for a certificate of appealability (COA). As Chapman has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss this matter.

Pursuant to a plea agreement, Chapman pled guilty to the first degree

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

murder of another prisoner while incarcerated in a federal facility and was sentenced to a term of life imprisonment. When Chapman later concluded that his plea agreement was not being properly observed, he filed a motion to enforce the plea agreement which was denied. This denial was affirmed on appeal. See United States v. Chapman, Case No. 96-3210 (10th Cir. June 24, 1997). After Chapman provided the government substantial assistance in other matters, the government filed a motion to reduce Chapman's life sentence to a thirty-year term of imprisonment. On August 7, 2000, the district court reduced Chapman's sentence to thirty years.

On June 17, 2005, Chapman filed a § 2255 petition arguing that the government had breached the plea agreement by failing to recommend a twenty-year sentence. That petition was transferred to this court as a successive habeas petition. However, we concluded it was not a successive request and returned the petition to the district court. Chapman v. United States, Case No. 05-3333 (10th Cir. Jan. 19, 2006). The district court denied the § 2255 petition, holding that it was time-barred, that Chapman was not entitled to rely upon either equitable tolling or equitable estoppel, and that Chapman's claim of actual innocence lacked merit. The district court also noted that even if it were to reach the merits of Chapman's claim, it would deny the relief requested because the plea agreement did not address the matters that ultimately led the government to seek a reduction in his sentence. The district court denied Chapman's motion for

reconsideration and his application for a COA.

Our granting of a COA is a jurisdictional prerequisite to Chapman's appeal from the denial of his § 2255 petition. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To be entitled to a COA, Chapman must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Chapman must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (internal quotations omitted); see also Slack, 529 U.S. at 484-85 (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would conclude it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

To determine whether Chapman has satisfied his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 637 U.S. at 338. Although Chapman need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id. (internal quotations omitted). Having undertaken a review of Chapman's application for a COA and appellate filings, the district court's order,

and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El, we conclude Chapman is not entitled to a COA.  Because Chapman's § 2255 petition is clearly time-barred, the district court's resolution of his petition is not reasonably subject to debate and the issues he seeks to raise on appeal do not merit further consideration.

More specifically, a § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Chapman entered into a plea agreement with the government and pled guilty to first degree murder on May 24, 1994.  He was sentenced to life in prison on June 16, 1994 and did not file a direct appeal.  Because he did not file a direct appeal, his conviction became final ten days later.  See Fed. R .App. P. 4(b)(1)(A).  Chapman did not file his § 2255 petition until June 17, 2005, well

-4-

after the one-year limitation period set forth in § 2255 had expired.

Chapman essentially argues that the § 2255 statute of limitations was again triggered on August 7, 2000, the day the district court granted the government's Rule 35 motion and reduced Chapman's sentence to thirty years. However, when a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not recommence from the date of the resentencing judgment. See United States v. Sanders, 247 F.3d 139, 142-44 (4th Cir. 2001). Even if we were to conclude that the limitations period set forth in § 2255 was triggered at Chapman's resentencing in August of 2000, that time period had long since expired when Chapman filed his § 2255 petition in 2005. Likewise, to the extent Chapman argues that he was somehow unaware of the facts supporting his § 2255 claim, we agree with the district court that Chapman was aware at the time of his resentencing that the government did not ask the court to reduce his sentence to twenty years.

Beyond this, and despite his protestations to the contrary, we agree with the district court that Chapman presents no meaningful argument that the limitations period in this case should be equitably tolled. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding equitable tolling available if "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Chapman's vague and conclusory allegations that he lacked access to library materials

because of potentially hostile fellow inmates are insufficient to support equitable tolling. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). Likewise, we see no merit in his contention that he was somehow tricked by the government into allowing the statute of limitations to expire. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990) (holding that equitable tolling may be applicable where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass).

Last, as for Chapman's contention that he is entitled to equitable tolling because he is actually innocent of the crime for which he was convicted, we conclude that this theory is equally unavailing. It is true that a claim of actual innocence may equitably toll the one-year statute of limitations set forth in 28 U.S.C. § 2255. See Gibson, 232 F.3d at 808 ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent."). However, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousely v. United States, 523 U.S. 614, 623 (1998) (citations omitted). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Also, actual

innocence means "factual innocence, not mere legal insufficiency." <u>Bousely</u>, 523 U.S. at 623. Twelve years after pleading guilty to first degree murder, Chapman now argues, without alleging the existence of any evidence beyond the recantation of his prior guilty plea, that his alleged victim had in fact committed suicide and he only had claimed to be the murderer to gain prestige with the Aryan Brotherhood. This conclusory assertion is insufficient to justify equitable tolling.

Accordingly, we DENY Chapman's application for a COA and DISMISS this matter. We also DENY Chapman's motion to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge