**In re: Keith Dale MARTIN, Movant.**

**No. 10–5100.**

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 2010.

Keith Dale Martin, Hominy, OK, pro se.

Before TACHA, HARTZ, and O'BRIEN, Circuit Judges.

## ORDER

Keith Dale Martin has filed his sixth motion for authorization to file a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny authorization.

In the order denying his fifth motion for authorization, we imposed filing-restriction sanctions. *In re Martin,* No. 08–5134 (10th Cir. Oct. 6, 2008). Despite the sanctions, Mr. Martin again seeks to challenge the same state conviction and sentence by asserting a version of the same claims he has already asserted in his many previous filings. He now claims, however, that authorization is warranted because the trial court entered an amended judgment on December 17, 2009. The purpose of the amended judgment was to correct a clerical error in the judgment; the Count 1 charge was corrected to state that he had been convicted of unlawful possession of a controlled drug after former conviction of a felony. He contends that this amended judgment provides newly discovered evidence needed for authorization to file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(2)(B).

We disagree. Although the Supreme Court recently held in *Magwood v. Patterson,* —— U.S. ——, ——, 130 S.Ct. 2788, 2792, 177 L.Ed.2d 592 (2010), that a first-time challenge to a new state-court judgment is not a second or successive application under § 2244(b), *Magwood* is factually distinguishable from this case. In *Magwood,* after the federal district court granted conditional § 2254 habeas relief, the state trial court held new sentencing proceedings and then entered a new judgment at the conclusion of those proceedings. In comparison, in this case there were no new proceedings resulting in a new judgment. Rather, the amended judgment merely corrected a clerical error—one which did not rise to the level of constitutional error, as Mr. Martin was fully aware of his offense of conviction.

Accordingly, we DENY the motion for authorization. This denial is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

HARTZ, Circuit Judge, dissenting:

I respectfully dissent. Although I would have hoped that Mr. Martin's application would qualify for treatment under the strict standards governing a second-or-successive application for habeas relief, it appears to me that the recent Supreme Court decision in *Magwood v. Patterson,* —— U.S. ——, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), requires otherwise. Last December Mr. Martin obtained an amended judgment, and this is his first habeas application since entry of that judgment. As I understand *Magwood,* 28 U.S.C. § 2244(b) "appl[ies] only to a 'second or successive' application challenging the same state-court *judgment.*" *Id.* at 2796. The Supreme Court left open the possibility that if a judgment revises only the sentence and not the conviction, a second

challenge to the underlying conviction would come under § 2244(b), *id.* at 2802–03; but Mr. Martin's new judgment changed the offense of conviction and did not change the sentence. Accordingly, in my view Mr. Martin's motion for authorization to file a second-or-successive application should be treated as an original application under § 2254 and should be transferred to the district court for further proceedings.

I find this result disturbing because it provides frequent filers like Mr. Martin with new opportunities to burden the courts, to say nothing of burdening prosecutors. Perhaps full briefing and oral argument (which I would have preferred in this case) would have enlightened me to how this case is distinguishable from *Magwood.* I suspect, however, that the issue will dog the courts for some time. Ultimately, this is a matter that will likely land in the lap of Congress, and it would seem to deserve prompt attention by the Judicial Conference.