FILED
United States Court of Appeals
Tenth Circuit

April 25, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PAUL ROBERT GRAHAM,

Petitioner-Appellant,

v.

RICHARD SMELSER, Warden; JOHN
SUTHERS, Attorney General of the State
of Colorado,

Respondents-Appellees.

No. 11-1038

(D.C. No. 10-cv-01480-ZLW)
(D. Colo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY*

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

---

Paul Robert Graham (Graham), a state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. Because Graham has failed to satisfy

the standards for the issuance of a COA, we deny his request and dismiss this matter.

I

In January and March 2006, Graham was charged in four separate cases in Denver

County District Court with (1) theft by receiving, (2) conspiracy to commit aggravated

---

* This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

motor theft, (3) possession of a controlled substance with intent to distribute, and (4) four counts of distribution of a controlled substance and possession of a controlled substance. In January 2007, a plea agreement was reached in all four cases. Graham agreed to plead guilty to theft by receiving, possession of a controlled substance with intent to distribute, and distribution of a controlled substance. As part of the plea agreement, the state agreed to dismiss all remaining charges in the four cases, and it agreed not to file habitual criminal charges against Graham.

After entry of the plea agreement on February 16, 2007, Graham was sentenced to three concurrent sentences of sixteen years and six months, to be followed by five years of parole. Graham did not appeal his convictions or his sentences. On June 18, 2007, Graham filed a motion asking the state court to give him credit for presentence jail time served. ROA at 220. The state court denied Graham's motion on July 23. Id. Graham then filed a petition for rehearing on this issue, and on November 28, 2007, the state court granted his motion and entered a mittimus, thereby crediting him with 390 days of presentence credit. Id. Although the state court granted Graham's request for presentence credit, Graham apparently believed he was entitled to more credit because he subsequently requested a hearing to correct the mittimus and to add additional presentence credit. Id. The state court denied Graham's motion on January 7, 2008.

On December 3, 2008, Graham filed a post-conviction motion in state court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. Graham argued that his convictions should be vacated (1) because police officers violated his due process

2

rights by falsifying their reports and (2) because he received ineffective assistance from his trial counsel in violation of his Sixth Amendment rights. Id. at 29. The state court denied Graham's motion on the merits on December 22, 2008. Graham then appealed to the Colorado Court of Appeals, which affirmed the state trial court's ruling on December 10, 2009. Graham next filed a petition for a writ of certiorari in the Colorado Supreme Court, which was denied on May 24, 2010.

On June 16, 2010, Graham filed a pro se § 2254 habeas petition in federal district court alleging that his convictions should be overturned for the same reasons stated in his motion for post-conviction relief filed in Colorado state court. The district court denied Graham's petition, concluding that it was barred by the applicable one-year statute of limitations. Graham filed a motion to reconsider, but the district court again concluded that the petition was untimely. Following the district court's order, Graham filed with this court a notice of appeal and a request for a COA.

II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

Under 28 U.S.C. § 2244(d)(1), a state inmate has one year from the date his or her judgment of conviction becomes final to file a petition for habeas relief under § 2254. The district court concluded that Graham's judgment of conviction became final on April 2, 2007—the last day Graham could have filed a direct appeal. The district court concluded that because Graham did not file his petition for post-conviction relief in Colorado state court until December 3, 2008, his federal habeas petition was barred by the one-year statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (state petitions for post-conviction relief toll the one-year statute of limitations for § 2254 petitions only if they are filed within one year of the date the judgment of conviction becomes final).

Graham argues that the district court miscalculated the date his conviction became final. According to Graham, the statute of limitations restarted when the state court entered a mittimus on November 28, 2007 to give him credit for 390 days of time served. Graham further argues that the statute did not begin to run until January 14, 2008, which was the last day he could have appealed the state court's mittimus. According to Graham, because he filed his post-conviction motion in Colorado state court within one year of that date, his § 2254 petition was timely. In support of this argument, Graham cites to Leyva v. People, in which the Colorado Supreme Court held that when a court corrects or amends a sentence pursuant to Rule 35 of the Colorado Rules, the applicable statute of limitations for attacking the underlying conviction is "not triggered until [the] sentence

[is] corrected and [the] judgment of conviction is amended." 184 P.3d 48, 49 (Colo. 2008).

We disagree with Graham's argument and conclude that his habeas petition is time-barred under 28 U.S.C. 2244(d)(1). Although the Colorado Supreme Court has held that the applicable statute of limitations restarts when a court amends or corrects a sentence[1], federal law determines when Graham's judgment of conviction becomes final to trigger the start of the statute of limitations for seeking post-conviction relief in federal court pursuant to 28 U.S.C. § 2254. See Clay v. United States, 537 U.S. 522, 531 (2003) ("[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule."). And, as noted by the district court, Graham has provided no federal authority for the proposition that the one-year statute of limitations for § 2254 petitions restarts when a court enters a mittimus to afford presentence credit on a sentence previously imposed. Further, like the district court, we have not found any authority in support of Graham's proposition. We are therefore persuaded that we apply the general rule that a defendant's judgment of conviction becomes final at "the conclusion of direct review or the expiration of time for seeking such review." United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000). Accordingly, we agree with the district court that the statute of limitations on Graham's § 2254 petition began running on April 2, 2007, when the period for filing a timely direct appeal expired.

---

[1] The record presented does not indicate that Graham was formally resentenced, but rather what appears to be only a cursory minute order was entered to correct the amount of presentence credit awarded.

5

Moreover, we note that similar, though not directly applicable, cases indicate that modifications of sentences to account for previous time served likely do not trigger a new statute of limitations. We held in United States v. Chapman that "when a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not recommence from the date of the resentencing judgment." 220 F. App'x 827, 830 (10th Cir. 2007). The Fourth Circuit also held in United States v. Sanders that modification of a sentence under Rule 35(b) does not affect the finality of a judgment of conviction for the purposes of the statute of limitations. 247 F.3d 139, 142-43 (4th Cir. 2001). We note that in both Chapman and Sanders, the government filed a Rule 35(b) motion to reduce the defendants' sentences after the defendants assisted law enforcement officials in the prosecution of other defendants. Chapman, 220 F. App'x at 828; Sanders, 247 F.3d at 141. These cases are therefore not directly analogous to cases where, as here, a defendant's sentence is reduced in order to account for presentence time served. Nonetheless, because Chapman and Sanders indicate at the very least that resentencing does not automatically restart the statute of limitations and because no federal authority to support Graham's argument has been cited to us, we conclude that Graham's § 2254 petition was not timely.

We also agree with the district court's conclusion that the statute of limitations is not subject to equitable tolling in this case. The statute of limitations for § 2254 petitions "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is appropriate, however, only in "rare and exceptional

6

circumstances" such as (1) when an inmate diligently pursues his habeas claim but extraordinary circumstances prevent him from filing a timely habeas petition; (2) when an inmate is actually innocent; or (3) when an inmate actively pursues judicial remedies but files a defective pleading within the statutory period. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). An inmate "bears a strong burden to show specific facts" in support of his claim that equitable tolling applies. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quotation and citations omitted).

Graham argues that equitable tolling is appropriate because "he was diligen[t] in obtaining his discovery and . . . was hindered from access to his discovery."[2] ROA at 217-18. According to Graham, if he had been granted appropriate access to discovery material, he would have been able to file a timely habeas petition. Id. Despite Graham's arguments, we conclude that he has not carried his burden of showing that equitable tolling is appropriate in this case. Graham does not indicate what steps he took to obtain discovery information after his conviction and, more important, he does not indicate what information he sought which ultimately enabled him to file his habeas petition or when he received such information. Without this evidence, we can neither determine whether Graham diligently pursued his habeas rights nor ascertain when the statute of limitations would have been tolled. Because Graham has made only the conclusory assertion that he

---

[2] It is unclear based on the record whether Graham argues that he was "hindered from access to his discovery" because his counsel was ineffective or because the prosecution withheld evidence from him.

7

was "hindered from access to his discovery," he has not shown that equitable tolling is appropriate here. We therefore conclude that Graham's habeas petition was untimely, and we deny his request for a COA.

IV

Graham's motion to proceed *in forma pauperis* is GRANTED, his request for a COA is DENIED, and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge