**CLD-263**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2675
_____

UNITED STATES OF AMERICA

v.

DIODAYAN LEDESMA-CUESTA,
                                                     Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00374-001)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 30, 2011)
_____

OPINION
_____

PER CURIAM

        Diodayan Ledesma-Cuesta appeals pro se from an order dismissing his petition for

a writ for audita querela.  Because no substantial question is presented by this appeal, we

will summarily affirm the order of the District Court.

In 2001, a jury convicted Ledesma-Cuesta of importation and attempted importation of more than 500 grams of cocaine, possession and attempted possession with intent to distribute more than 500 grams of cocaine on a vessel subject to the jurisdiction of the United States, and reentry and attempted reentry to the United States after deportation.[1] We affirmed his conviction and sentence. United States v. Ledesma-Cuesta, 347 F.3d 527 (3d Cir. 2003).

In 2005, the District Court denied Ledesma-Cuesta's motion to vacate his sentence under 28 U.S.C. § 2555, and we declined to issue a certificate of appealability. C.A. No. 05-5537. In 2010, Ledesma-Cuesta filed a "motion for leave to intervene/reconsideration to be afforded a C.O.A. pursuant L.A.R. 27.5," which the District Court construed as a motion for reconsideration. The District Court dismissed the motion and we denied his request for a certificate of appealability. C.A. No. 10-4228.

In May 2011, Ledesma-Cuesta filed a "motion for relief of judgment pursuant to title 28 U.S.C. § 1651(a) the writ of audita querela."[2] He argued that his base offense level was incorrectly calculated at the sentencing hearing. The District Court denied the

---

[1] Ledesma-Cuesta was also convicted of another count, which the District Court later vacated after finding that it was a lesser included offense of one of the other convictions.

[2] Ledesma-Cuesta also filed a "motion to review statutory interpretation of USSG § 4B1.1 pursuant to Fed. Rules Crim. P (36)," which the District Court forwarded to this Court. We will dismiss this motion as it is not properly before this Court. See Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999) (district court retains jurisdiction to issue orders over those aspects of the case not involved in the appeal).

motion, finding that such a challenge must be brought in a § 2255 motion. Ledesma-Cuesta appeals.

We have jurisdiction under 28 U.S.C. § 1291. The writ of audita querela is available as residual post-conviction relief. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Thus, relief via a petition for a writ of audita querela is not available where a specific statute addresses the issue at hand. Id. "[T]he means to collaterally challenge a federal conviction or sentence" is through a motion pursuant to 28 U.S.C. § 2255, not a petition for a writ of audita querela. Id. Therefore, the District Court did not err in denying Ledesma-Cuesta's petition for a writ of audita querela.[3]

Accordingly, we will affirm the District Court's order. Ledesma-Cuesta's "motion to review statutory interpretation of USSG § 4B1.1 pursuant to Fed. Rules Crim. P (36)" is dismissed.

---

[3] If Ledesma-Cuesta wishes to proceed with his collateral attack on the legality of his sentence, the District Court correctly noted that Ledesma-Cuesta is required to seek permission from this Court before he can file a second or successive § 2255 motion in the District Court. See 28 U.S.C. § 2255(h).