**DLD-256**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2126
_____

UNITED STATES OF AMERICA

v.

DIODAYAN LEDESMA-CUESTA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:01-cr-00374-001)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  August 27, 2012)
_____

OPINION
_____

PER CURIAM

Diodayan Ledesma-Cuesta appeals an order denying 1) his request for audita

querela relief under 28 U.S.C. § 1651 and 2) his motion for correction of a clerical error

in the criminal judgment pursuant to Fed. R. Crim. P. 36.  Finding no substantial question

to be presented by this appeal, we will summarily affirm.[1]  In a previous opinion, we explained to the appellant that attacks on his federal conviction and sentence must generally be pursued via 28 U.S.C. § 2255, which in his case would require seeking authorization from this Court; he has not done so, and nothing in the interim has altered the unavailability of the writ of audita querela.  See United States v. Ledesma-Cuesta, 443 F. App'x 685, 685–86 (3d Cir. 2011).  Furthermore, we agree with the District Court that there is no clear clerical error in the judgment, especially as the superseding indictment contains the same offense-conclusion date reflected in the judgment.[2]  Summary affirmance is therefore appropriate.  See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  Although we have apparently not established, in this Circuit, a precise standard for review of Rule 36 motions, we need not do so today because appellant's request is infirm under any available standard.

[2] The appellant appears to admit that he seeks to correct his judgment because he believes that this will allow him to proceed anew via 28 U.S.C. § 2255 without having to satisfy the "second or successive" requirements of 28 U.S.C § 2255(h) and 28 U.S.C. § 2244(b)(3).  But Magwood v. Patterson, 130 S. Ct. 2788 (2010), upon which he relies, involved a *resentencing* leading to a revised state-court judgment.  Id. at 2796.  He points to no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief.

2