[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16202
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00481-CMA-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS H. CANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Cano, a federal prisoner proceeding pro se, appeals the district court's

order granting the government's motion under Federal Rule of Criminal Procedure

36 (Rule 36) to correct clerical errors in the original judgment, as well as the amended judgment entered pursuant to that order. For the reasons below, we affirm the district court's ruling and dismiss the remainder of Cano's appeal.

I.

In 1997 a federal grand jury returned an indictment charging Cano with 76 counts of various drug and money laundering offenses. After a jury trial, Cano was found guilty of Counts 1–26, 28–31, and 38–76. However, the district court's original judgment incorrectly reflected that Cano was found guilty of all 76 counts. The judgment also listed a sentence for all 76 counts and included a special assessment based on all 76 counts in the amount of $3,800.[1]

On direct appeal, this Court vacated Count 13 and directed the district court to dismiss that Count, but otherwise affirmed Cano's convictions and sentences, stating that Cano would have to serve twelve concurrent life sentences rather than the original thirteen. United States v. Cano, 289 F.3d 1354, 1366–67 & n.28 (11th Cir. 2002). Cano also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 that was denied.

In 2012 Cano sought an amended judgment under Rule 36, asking the district court to correct the judgment as to his counts of convictions and the assessment amount. The district court granted the motion and ordered the

---

[1] At the time of Cano's sentencing, his assessment was calculated as $50 per count of conviction.

government to submit a proposed amended judgment.  In response the government filed a motion to correct the judgment and proposed amended judgment.  On November 14, 2012, the district court granted the government's motion and entered an amended judgment listing only Counts 1–12, 14–26, 28–31, and 38–76 and lowering the assessment to $3,400.  Upon the request of the government, but not Cano, the amended judgment also added the following language: "Forfeiture is ordered consistent with the preliminary order of forfeiture (DE 416) and the 'Stipulation and Consent' signed by the parties (DE 414)."

After entry of the revised judgment, Cano filed a notice of appeal as to the district court's "order issued on November 14, 2012."  Just before and shortly afterwards, he filed additional pleadings challenging his convictions, sentence and the amended judgment.  The district court dismissed two of these pleadings stating that it no longer had jurisdiction given Cano's then pending notice of appeal.  Cano then filed motions with the district court and this Court to hold his notice of appeal in abeyance to allow the district court to consider his other motions.  This Court denied the motion on May 9, 2013, and the parties subsequently filed their briefs in this appeal.

## II.

On appeal, Cano makes eight arguments.  We consider his second, third, and eighth arguments individually.  These arguments relate to the purported errors

made by the district court in its application of Federal Rule of Criminal Procedure 36 in its November 14, 2012 order and amended judgment, which were the orders identified in Cano's notice of appeal.  We consider the remaining five arguments as a group, because they constitute second or successive motions under 28 U.S.C. § 2255.

## A.  Application of Rule 36

We review de novo the district court's application of Rule 36.  United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).  Rule 36 provides that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Rule 36 may not be used to make a substantive correction or alteration to a criminal sentence.  Portillo, 363 F.3d at 1164.

### 1.  Amendments to the Counts of Conviction

Cano first argues that the district court erred by making substantive changes to his judgment in response to the government's Rule 36 motion.  We note that with regard to the changes to the counts of conviction, including the dismissal of Count 13, Cano himself requested the district court make these changes and argued that they were clerical.

We conclude that the district court did not err in correcting Cano's counts of conviction because the changes were clerical in nature.  The amended judgment

4

entered by the district court changed the counts of conviction so that they accurately reflected the jury's verdict and this Court's vacatur of Count 13. Cano, 289 F.3d at 1366–67. These amendments did not make a substantive change or alteration to Cano's sentence, which because of the number of concurrent life sentences remained the same.[2] See Portillo, 363 F.3d at 1164. Cano's term of supervised release stayed the same,[3] and the reduction of the special assessment from $3,800 to $3,400 followed mechanically from the reduction in the number of counts of conviction.[4]

In reaching this conclusion, we reject Cano's argument that this Court's vacatur of Count 13, as reflected in the amended judgment, required a resentencing to determine whether Cano's remaining convictions could serve as predicates to support his Continuing Criminal Enterprise conviction (Count 1) under 21 U.S.C.

---

[2] The original judgment set forth the following term of imprisonment: "LIFE as to Counts 1 through 13, to run concurrently with each other. 240 months as to each Count 14 through 76 to run concurrently with each other and sentences i[m]posed as to Counts 1 through 13." Similarly the amended judgment set forth the term of imprisonment as: "LIFE as to Counts 1 through 12, to run concurrently with each other. 240 Months as to each of Counts 14 through 26, 28 through 31, and 38 through 76, to run concurrently with each other and with the sentences imposed for Counts 1 through 12."

[3] Cano's original judgment described his term of supervised release as "5 years as to each Counts 1 through 13. 3 years as to each Counts 14 through 76, all to run concurrently with each other." The amended judgment describes it similarly as: "Five years as to each of Counts 1 through 12. Three years as to each of Counts 14 through 26, 28 through 31, and 38 through 76. All to run concurrently with each other."

[4] The government concedes that the assessment in the amended judgment was miscalculated and should be $3,350, not $3,400, with 67 counts of conviction. However, Cano does not raise this issue in his appeal. The issue may be moot because 18 U.S.C. § 3013(c) provides that the "obligation to pay an assessment ceases five years after the date of the judgment."

§ 848. The Fourth Superseding Indictment charged Cano specifically with twelve predicate offenses and the jury unanimously found Cano guilty of all twelve. The fact that one of these twelve convictions was vacated did not render his CCE conviction invalid. See United States v. Corona, 885 F.2d 766, 774 (11th Cir. 1989) (RICO conviction upheld despite fact that seven of the eleven counts alleging predicate acts were dismissed or reversed because four valid predicate-act convictions remained). Notably, in the opinion deciding Cano's direct appeal and vacating Count 13, this Court considered and rejected Cano's related argument that "the district court committed plain error in failing to instruct the jury that, to convict the defendant on [the CCE count], it had to find unanimously that the defendant committed a continuing series of at least three violations of federal narcotics laws." Cano, 289 F.3d at 1357 n.4.

Due to the number of predicate-act convictions that are still viable for Cano, we therefore affirm on this issue.

2. Forfeiture Order

Cano next argues that the district court erred by amending the judgment under Rule 36 to include a previously omitted reference to the forfeiture order. We reject his argument because Federal Rule of Criminal Procedure 32.2(b)(4)(B) expressly allows a district court to correct this type of omission under Rule 36.

Cano is correct that this Court has previously found error when a district court used Rule 36 to amend a judgment to include an order of forfeiture that had been agreed to in the plea agreement, but which the court failed to make a part of its judgment at sentencing.  United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003).  But since that ruling, Rule 32.2 of the Federal Rules of Criminal Procedure was amended in 2009 to include the following:

> The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.  The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

Fed. R. Crim. P. 32.2(b)(4)(B).

Under this revised version of Rule 32.2, the district court did not err by including language relating to the forfeiture in the amended judgment against Cano.  Id.  Although the district court did not address the forfeiture order when it orally announced the sentence and failed to include it in the original judgment, Cano knew of the forfeiture order at sentencing.  Cano's knowledge of the forfeiture, and the district court's awareness of his knowledge, is apparent from: (1) the parties' lengthy discussion of the forfeiture order during the sentencing hearing; (2) Cano's personal signature on the stipulation and consent to forfeiture filed prior to sentencing; and (3) the district court's entry, based on the signed

stipulation, of a preliminary forfeiture order, which was also filed prior to sentencing.

It is also true that Cano did not challenge the failure to reference the forfeiture order in his direct appeal.  See Cano, 289 F.3d at 1357 & n.4.  Neither did he object to the entry of a final forfeiture order or the government's motion to amend the forfeiture order.  In fact he filed his own motion to amend the forfeiture order, and actively participated in the forfeiture process by, for example, obtaining written consent to the forfeiture of his residence from his wife and co-owner, Maria Cano.  Cano eventually did raise an objection to the forfeiture order in his motion pursuant to 28 U.S.C. § 2255, arguing that the forfeiture order was invalid because it was not referenced in his judgment.  The district court found this argument was barred by the procedural default rule.

In light of the circumstances of this case, we disagree with Cano's argument that the application of the amended Rule 32.2 to his case would violate the Ex Post Facto Clause.  U.S. Const. art. I, § 9, cl. 3.  The "function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission."  Garner v. Jones, 529 U.S. 244, 249, 120 S. Ct. 1362, 1367 (2000).  Because the application of the 2009 amendment to Rule 32.2 to Cano's case "does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a

8

crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed," it "is not prohibited by the Ex Post Facto Clause." See Collins v. Youngblood, 497 U.S. 37, 52, 110 S. Ct. 2715, 2724 (1990).

We therefore affirm the district court's application of Rule 36 in this case to amend the judgment to include reference to the previously omitted forfeiture order.

### 3.  Right to Counsel at Resentencing

Cano's last argument regarding the amended judgment is that his due process rights were violated because he was not represented by counsel during the judgment amendment proceedings, which he characterizes as a "resentencing." However, when a resentencing is purely a ministerial act, with no discretion given to the sentencing judge, the absence of counsel is not prejudicial. Hall v. Moore, 253 F.3d 624, 627 (11th Cir. 2001). Cano's sentence was not set aside in its entirety and the corrections made in the amended judgment were purely ministerial acts of conforming the written judgment to the underlying proceedings. Even as to the vacatur of Count 13, the district court was acting upon the mandate of this Court, which required dismissing the unsupported Count, not resentencing, and otherwise affirmed Cano's convictions and sentence. Cano, 289 F.3d at 1367 (holding that "the district court's judgment against Cano on Count 13 is VACATED, and the district court is directed to dismiss the count[, and that]

9

Appellants' convictions and sentences are otherwise AFFIRMED."); see also Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) ("When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order.").

Neither did Cano have a right to be present for the correction to the judgment. See United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991) ("[W]here the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous."). We therefore affirm on these grounds.

## B. Cano's Remaining Arguments

We dismiss Cano's remaining five arguments because they amount to second or successive § 2255 motions for which Cano has not sought authorization.[5] 28 U.S.C. § 2255(h).

In his brief Cano (1) claims that the district court erred in failing to hold his notice of appeal in abeyance pending ruling on additional substantive motions, and (2) argues the merits of those motions. These claims constitute challenges to

---

[5] We also note that Cano has already unsuccessfully raised some of these arguments. He cannot therefore reassert them in a subsequent § 2255 motion, because they are successive. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (affirming dismissal of petition for habeas corpus where claims had been previously adjudicated on the merits); see also 28 U.S.C. § 2244(a).

10

Cano's conviction and sentence that should be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  Because Cano has already filed one motion under 28 U.S.C. § 2255 to vacate his sentence, he must first file a motion in this Court authorizing the district court to consider claims raised in a second or successive § 2255 motion.[6]  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Therefore, even if the district court was incorrect in failing to hold the notice of appeal in abeyance or in finding that it lacked jurisdiction to consider the motions because of Cano's notice of appeal, the district court lacked jurisdiction over Cano's substantive motions because Cano did not follow the requirements of 28 U.S.C. § 2244(b)(3)(A).  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

## III.

For these reasons, we affirm the district court's order amending the judgment and dismiss Cano's remaining grounds for appeal.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[6] The fact that the district court entered an amended judgment to correct clerical errors does not result in a new judgment that is exempt from the rules on second or successive petitions pursuant to 28 U.S.C. § 2255.  See, e.g., United States v. Ledesma-Cuesta, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) (noting there is "no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief"); In re Martin, 398 F. App'x 326, 327 (10th Cir. 2010) (amended judgment that merely corrected clerical error was not a "new judgment" under Magwood v. Patterson, __ U.S. __, 130 S. Ct. 2788 (2010)).