FILED
United States Court of Appeals
Tenth Circuit

April 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOMMY MAY,

        Petitioner-Appellant,

v.

STATE OF KANSAS; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 13-3318
(D.C. No. 5:13-CV-03162-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Tommy May, a Kansas prisoner proceeding pro se, seeks to appeal two orders of the district court: an order dismissing his 28 U.S.C. § 2254 habeas petition as an unauthorized second or successive application, and an order denying his motion to alter its findings of fact pursuant to Fed. R. Civ. P. 52(b). We deny a certificate of appealability (COA) and dismiss this appeal.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1984, a Kansas jury found Mr. May guilty of two counts of aggravated robbery. After pursuing a number of post-conviction motions in state court, he filed a prior § 2254 petition in 2010, which the district court dismissed as untimely.

In 2009, Mr. May filed a motion to correct an illegal sentence in state district court, which was denied. He then pursued an appeal of the denial to the Kansas Court of Appeals. The Kansas Court of Appeals affirmed the denial on July 22, 2011, but in its order it remanded for correction, nunc pro tunc, of a clerical error in the journal entry of judgment.

The Kansas statutes direct that "[w]henever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently[.]" Kan. Stat. Ann. § 21-6606 (formerly found at Kan. Stat. Ann. § 21-4608(a)). The sentencing judge did not specify whether Mr. May's sentences on the two counts were to run concurrently or consecutively; hence, the sentences were to be served concurrently. Due to a clerical error, however, the journal entry of judgment in Mr. May's case stated that his sentences would run consecutively. On remand, the state court entered an amended journal entry of judgment correcting this clerical error.

After unsuccessfully pursuing a further state proceeding for post-conviction relief, Mr. May filed this 28 U.S.C. § 2254 petition. The district court dismissed his petition for two reasons: it was second-or-successive, and it was time-barred. Mr. May then filed his Fed. R. Civ. P. 52(b) motion. The district court concluded

that the entry of the amended journal entry of judgment did not make Mr. May's convictions non-final or reset the date of the state court judgment for either timeliness or second-or-successive purposes. Accordingly, it denied the motion.

When the district court denies a habeas petition on procedural grounds, the petitioner must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. May fails to satisfy these requirements.

Mr. May argues that his § 2254 petition should not have been dismissed as successive and time-barred and that his Rule 52(b) motion should have been granted because "where there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." Aplt. Combined Brief & Application for COA, at 25 (internal quotation marks and ellipsis omitted) (quoting *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010)). But he points to no authority holding that the state court's correction of a clerical error represents a "new judgment" from which an otherwise untimely and second-or-successive habeas petition may be filed. In fact, authorities interpreting *Magwood* have held to the contrary. *United States v. Cano*, ___ F. App'x ___, 2014 WL 929053, at *4 n.6 (11th Cir. Mar. 11, 2014) ("The fact that the district court entered an amended judgment to correct clerical errors does not result in a new judgment that is exempt from the rules on second or successive petitions pursuant to

- 3 -

28 U.S.C. § 2255."); *United States v. Ledesma-Cuesta*, 476 F. App'x 412, 412 n.2 (3d Cir. 2012) (per curiam) ("[Appellant] points to no precedential opinion that suggests that the correction of a clerical error serves to either restart the limitations period or negate the existence of a prior attempt at collateral relief."); *cf. In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) (where amended judgment entered to correct clerical error in nature of charge for which defendant had been convicted, "the amended judgment merely corrected a clerical error—one which did not rise to the level of constitutional error, as [appellant] was fully aware of his offense of conviction").

Mr. May fails to show the district court erred in concluding that his § 2254 petition was an unauthorized second-or-successive filing. We therefore deny him a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -