**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PAUL STEPHEN SALAS,

    Petitioner - Appellant,

v.

VINCENT HORTON, Warden; HECTOR
BALDERAS, Attorney General of the
State of New Mexico,

    Respondents - Appellees.

No. 24-2084
(D.C. No. 1:21-CV-00209-JB-DLM)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Paul Stephen Salas is a prisoner incarcerated in the Western New Mexico

Correctional Facility. Proceeding pro se,[1] he seeks a certificate of appealability (COA) to

appeal the district court's dismissal of his application for relief under 28 U.S.C. § 2254.

But because his application was time-barred, we deny his request for a COA and dismiss

his appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] While we "liberally construe" Mr. Salas's pro se filings, we will not "assume the role of advocate." *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (internal quotation marks omitted).

In 2000 Mr. Salas was convicted in New Mexico state court on four charges: (1) armed robbery, (2) assault with intent to commit a violent felony, (3) false imprisonment, and (4) possession of a firearm by a felon. That conviction was overturned on appeal because of an evidentiary error, but he was reconvicted on the same charges. The second conviction was affirmed on appeal, but there were several appeals and trial-court proceedings regarding the enhancement of his sentence because of prior felony convictions. Those matters were ultimately resolved in September 2009 when the trial court entered its fifth judgment, sentencing Mr. Salas to 36 years' imprisonment. The judgment also stated that "Defendant's sentence is deemed to have begun on August 22, 1999, thereby giving him credit for time served in pre-trial confinement and until the date of transport to the Department of Corrections." Respondents' Answer To Paul Salas's *Pro Se* Petition For Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1], *Salas v. Horton*, No. CIV 21-0209-JB/DLM, (D.N.M. Apr. 11, 2024), ECF No. 13-3 at 444. The judgment was affirmed by the state court of appeals, and the state supreme court denied his petition for writ of certiorari on May 25, 2010.

The fifth judgment was later amended on two occasions. First, to avoid any dispute about how much presentence credit Mr. Salas should receive on his term of imprisonment, the trial court determined the date at which presentence confinement ended and the total number of days of presentence confinement, amending the judgment to state that he "shall receive pre-sentence confinement credit from August 22, 1999 to November 19, 2002, totaling 1,185 days." *Id.*, ECF No. 13-4 at 902 (state court judgment entered on Aug. 8, 2019) (emphasis omitted). Then, because that sixth judgment

Page 2

introduced a clerical error (which had not appeared in the fifth judgment), the trial court on August 30, 2019, entered a seventh judgment, changing "years" to "months" in setting forth the lengths of the sentences on two of the charges. Mr. Salas moved to reconsider the sentence, but the motion was denied by the trial court on January 10, 2020.

Mr. Salas apparently planned to file a petition for writ of certiorari with the state supreme court to challenge the seventh judgment. He filed five motions with the court to extend the time for filing a petition. Four were granted, extending the time to February 10, 2020. The state supreme court dismissed the matter on July 23, 2021 for failure to perfect the appeal, noting that "no petition has been filed in this court." *Id.* at 962.

Mr. Salas filed his application for relief under § 2254 on March 10, 2021. The federal district court held that the application was untimely.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as it was here, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, there is such a procedural bar. Mr. Salas's § 2254 application was time-barred. A prisoner pursuing relief under § 2254 generally must file his application in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When there are several different versions of the judgment, we look to the judgment that made the last material change to the prisoner's sentence to determine the applicable date. For example, "a judgment that merely corrects a clerical error in an earlier judgment is not a new judgment that begins a new one-year limitations period under § 2244." *Ezell v. Allbaugh*, 777 F. App'x 271, 274 (10th Cir. 2019); *see Marmolejos v. United States*, 789 F.3d 66, 71–72 (2d Cir. 2015) (concluding that alterations to a judgment correcting a petitioner's identification number and the spelling of his name were merely "clerical," and thus the amended judgment was not a "new" judgment (internal quotation marks omitted)); *May v. Kansas*, 562 F. App'x 644, 645–46 (10th Cir. 2014) (concluding that "the state court's correction of a clerical error" did not "represent[] a 'new judgment' from which an otherwise untimely . . . habeas petition may be filed"). Likewise, an amended judgment that is "purely 'ministerial'"—"involving no discretion"—does not disrupt the finality of a prior judgment. *Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993); *see United States v. Dodson*, 291 F.3d 268, 275 (4th

Page 4

Cir. 2002) ("Because Dodson's case involves a remand, we think it worth noting that finality is not delayed if an appellate court disposes of all counts in a judgment of conviction but remands for a *ministerial purpose* that could not result in a valid second appeal." (emphasis added)); *Graham v. Smelser*, 422 F. App'x 705, 707 (10th Cir. 2011) (concluding a habeas petition was time-barred because the petitioner "provided no federal authority for the proposition that the one-year statute of limitations for § 2254 petitions restarts when a court enters a mittimus to afford presentence credit on a sentence previously imposed"). In sum, "an amended judgment that only corrects a clerical error in the original judgment or is merely ministerial does not begin the one-year limitations period anew." Brian R. Means, *Federal Habeas Manual: A Guide to Federal Habeas Corpus Litigation* § 9A:18 (2024) (collecting cases).

Here, the state court made its last material change to Mr. Salas's sentences in its fifth judgment, which reduced the sentence imposed. The changes in the sixth and seventh judgments, on the other hand, were ministerial or clerical. In the sixth judgment, the court simply set out the precise number of days' worth of pre-sentence confinement credit that Mr. Salas was due, instead of saying more generally that his sentence was deemed to have begun on August 22, 1999. And in the seventh judgment, the court merely corrected a clerical mistake, changing *years* to *months*. Neither of these judgments materially altered Mr. Salas's sentences; they just clarified or corrected clerical errors in the sentences already imposed.

The one-year limitation period therefore began running when the fifth judgment became final. The state trial court entered that judgment in late 2009 and the state

Page 5

supreme court denied review on May 25, 2010. Ninety days later—on August 23, 2010—his time to seek direct review before the United States Supreme Court expired, so the judgment became final. *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001) (holding that under 28 U.S.C. § 2244(d)(1)(A), "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day window] for filing a petition for certiorari with the Supreme Court has passed" (internal quotation marks omitted)). Thus, the one-year period ended on August 23, 2011. Because Mr. Salas did not file his habeas application until March 10, 2021, his application was long time-barred.

Moreover, even if we assumed that the seventh judgment was the relevant judgment for timeliness purposes, Mr. Salas's application would still have been time-barred. Although the state supreme court granted him four extensions to file a petition for writ of certiorari, he never did so, and his time to seek direct review from that court expired on February 10, 2020. He did not file his federal habeas application until March 10, 2021—more than one year later. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[B]ecause Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").[2]

---

[2] Because Mr. Salas did not argue that he was entitled to equitable tolling in his objections to the magistrate judge's recommended disposition, he forfeited that issue.

We do not believe that a reasonable jurist could debate the propriety of the dismissal of Mr. Salas's § 2254 application for untimeliness. His brief provides no sound argument to the contrary.

We **DENY** Mr. Salas's request for a COA, **DENY** his motion for a protective order, and **DISMISS** his appeal. We **GRANT** his motion for leave to proceed *in forma pauperis* as to the remainder of the costs and fees.

Entered for the Court


Harris L Hartz
Circuit Judge